UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANTHONY COLES,

      Plaintiff,                         Case No.: 3:13-cv-353

vs.

NATIONAL LABOR RELATIONS         Judge Timothy S. Black
BOARD, *et al.*,                           Magistrate Judge Michael J. Newman

      Defendants.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S *PRO SE* COMPLAINT BE DISMISSED; AND (2) THIS CASE BE CLOSED**

---

Plaintiff, proceeding *pro se*, brings suit against Defendants the National Labor Relations Board ("NLRB"), Mancor Industries, and I Force. Doc. 3. Plaintiff seeks judicial review of a decision by the General Counsel of the NLRB to dismiss his charge of unfair labor practices made to the NLRB against Mancor and I Force. *Id.* at PageID 84. Plaintiff argues that his charge was improperly dismissed because the General Counsel "misconstrued" the law and asserts that this Court has jurisdiction to review that decision under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 157. *Id.*

Now before the Court are motions to dismiss filed by Defendants Mancor[2] (doc. 16) and the NLRB (doc. 26). Plaintiff filed memoranda in opposition (docs. 23, 29) and Mancor filed a

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiff's complaint names Mancor Industries as a Defendant. Doc. 3. In its motion to dismiss, Mancor argues that Mancor Industries does not exist and that Mancor Ohio Inc. is the proper party. Doc. 16 at PageID 134, 138. Because the Court concludes that it lacks subject matter jurisdiction, it need not address the merits of this issue. For clarity, the Court will refer to this Defendant as "Mancor."

reply (doc. 27). Mancor and the NLRB seek dismissal of Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and, alternatively, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. I Force[3] filed an Answer instead of a motion to dismiss.

## I.

Plaintiff filed suit in this Court on October 15, 2013 and sought leave to proceed *in forma pauperis* ("IFP"). Doc. 1. The Court granted Plaintiff IFP status on October 18, 2013 and the complaint was docketed. Doc. 2.

Plaintiff alleges that his employment with Mancor was terminated on June 2, 2013 because he attempted to engage in activities protected by the NLRA. Doc. 3 at PageID 84. Plaintiff filed two unfair labor practice charges with the NLRB on July 3, 2013 against Mancor and I Force.[4] Doc. 26 at PageID 179-82. Plaintiff alleged that Mancor terminated his employment in retaliation for his involvement in a protected activity; specifically, his protests that employees were required to use their own uncalibrated tools. *Id.* Gary Muffley, Regional Director of the NLRB, informed Plaintiff via letters dated July 30, 2013 that the charges were being dropped because an investigation determined that there was insufficient evidence to establish violations of the NLRA. *Id.* at PageID 184-85, 188-89. Plaintiff appealed that decision to the General Counsel of the NLRB, who denied the appeal in a letter dated September 27, 2013 because the General Counsel found that Plaintiff failed to establish he acted with the intent to

---

[3] The Answer was filed by Daily Services, LLC, and alleges that I Force is its registered trade name. Doc. 12 at PageID 112. As with the proper party argument raised by Mancor, the Court need not address this issue.

[4] The Court may consider the exhibits attached to the NLRB's motion to dismiss because the Rule 12(b)(1) motions present a "factual attack" on the subject matter jurisdiction of this Court. *See Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

initiate group action, and Mancor terminated his employment for legitimate business reasons. Doc. 3 at PageID 93-94. The General Counsel found that Plaintiff did speak with fellow employees about other matters -- his concerns regarding Mancor's policy that required employees to supply their own tools; the quality of blue prints; and the effect of scheduling on overtime pay -- but that evidence did not establish that these conversations were made with the intent to initiate group action. *Id.* at PageID 93.

Plaintiff subsequently filed suit in this Court. His complaint alleges the same three concerns raised before the NLRB and asserts facts regarding events on June 1, 2013, the day before he was terminated. *Id.* at PageID 85-91. The complaint makes no mention, either directly or by implication, of any involvement by I Force. Finally, it alleges that the NLRB's General Counsel "misconceived" the law regarding concerted activities and seeks review of the decision to dismiss his charges. *Id.* at PageID 84.

## II.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is premised on the Court's lack of subject matter jurisdiction. After a defendant brings a Rule 12(b)(1) motion to dismiss, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) (quoting *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). This burden is not heavy, as the plaintiff must only demonstrate that the complaint "alleges a claim under federal law, and the claim is 'substantial.'" *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). A claim is "substantial" if there is "any arguable basis in law for the claim made," *id.*, but the claims are insubstantial and must be dismissed if "prior decisions inescapably render the claims frivolous." *Transcontinental Leasing, Inc. v. Mich. Nat'l Bank of Detroit*, 738 F.2d 163,

166 (6th Cir. 1984) (quoting *Hagans v. Lavine*, 415 U.S. 528, 537 (1974)); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*per curiam*) (stating that dismissal pursuant to Rule 12(b)(1) is proper when the "allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

The Court agrees with the arguments by the NLRB and Mancor that dismissal for lack of subject matter jurisdiction is appropriate in this case. Under the NLRA, Congress provided the General Counsel of the NLRB with "final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints . . . and in respect of the prosecution of such complaints before the Board." 29 U.S.C. § 153(d). Interpretations of the NLRA by the Supreme Court and Sixth Circuit have clearly and unequivocally established that "the [NLRB's] General Counsel has unreviewable discretion to refuse to institute an unfair labor practice complaint." *Vaca v. Sipes*, 386 U.S. 171, 182 (1967); *see, e.g.*, *NLRB v. United Food & Commercial Workers Union, Local 23,* 484 U.S. 112, 129 (1987) (declaring that the NLRA "plainly cannot be read to provide for judicial review of the General Counsel's prosecutorial function"); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 138 (1975) ("Congress has delegated to the Office of General Counsel on 'behalf of the Board' the unreviewable authority to determine whether a complaint shall be filed"); *Dayton Newspapers, Inc. v. NLRB*, 402 F.3d 651, 668 (6th Cir. 2005) ("The NLRA gives the General Counsel virtually unreviewable rights to decide what charges should be pursued"); *Jackman v. NLRB*, 784 F.2d 759, 763 (6th Cir. 1986) ("[N]umerous courts of appeals have routinely concluded that such action by the General Counsel [refusal to initiate an unfair labor practice complaint] is not subject to judicial review. . . . The issuance of a complaint is merely one of several pretrial discretionary nonreviewable evaluations and/or actions undertaken by General Counsel . . . ."); *Echols v. NLRB*, 525 F.2d 288, 288 (6th Cir. 1975) ("[W]e have no

jurisdiction to review a decision of the Board's General Counsel not to file a complaint alleging unfair labor practice charges"); *Tensing v. NLRB*, 519 F.2d 365, 365 (6th Cir. 1975) (*per curiam*) ("[D]istrict [C]ourts may not review the refusal of the Board's General Counsel to investigate or to file a complaint concerning unfair labor practice charges"); *Mayer v. Ordman*, 391 F.2d 889, 889-90 (6th Cir. 1968) (*per curiam*) ("It is well settled that the National Labor Relations Act precludes District Court review of the manner in which the General Counsel of the Board investigates unfair labor practice charges and determines whether to issue a complaint thereon. The District Court clearly was correct in holding that it had no jurisdiction in this action" (citations omitted)).

In his memoranda in opposition, *pro se* Plaintiff misconstrues the nature of the action he seeks to challenge in this Court.  Docs. 23, 29.  Plaintiff seeks to review the prosecutorial decision of the General Counsel not to initiate an unfair labor practices charge.  Doc. 23 at PageID 158; doc. 29 at PageID 202-03.  As detailed by the Supreme Court in *United Food & Commercial Workers Union*, the prosecutorial and adjudicatory functions of the NLRB are assigned to different entities pursuant to statute and regulations.  *United Food & Commercial Workers Union*, 484 U.S. at 118-30.  Federal courts only have jurisdiction to review the final adjudication of unfair labor practices charges.  29 U.S.C. § 160(f).

As is made clear from the complaint and attached letter from the General Counsel, the exhibits attached to the NLRB's motion to dismiss, and Plaintiff's memoranda in opposition, the General Counsel determined that there was not sufficient evidence to support an unfair labor practices charge, and dismissed the charge.  Doc. 3 at PageID 93-94.  This is not a final adjudication, and thus, as is made clear by prior decisions, this Court lacks subject matter

jurisdiction to review this action.[5]  *See, e.g.*, *Vaca*, 386 U.S. at 182; *Tensing*, 519 F.2d at 365. Plaintiff has failed to meet his burden of demonstrating that there is "any arguable basis in law for the claim made."  *See Musson*, 89 F.3d at 1248.  Accordingly, dismissal is warranted for lack of subject matter jurisdiction.

### III.

For the reasons stated herein, the Court **RECOMMENDS** that:

1. Defendants' motions to dismiss (docs. 16, 26) be **GRANTED**; and

2. This case be **DISMISSED**.

February 14, 2014                                                        s/ **Michael J. Newman**
                                                                                         United States Magistrate Judge

---

[5] Because the Court determines that it lacks subject matter jurisdiction, it need not examine the merits of Defendants' Rule 12(b)(6) arguments.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).