UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY COLES, | : | Case No. 3:13-cv-353 |
| Plaintiff, | : : : | Judge Timothy S. Black<br>Magistrate Judge Michael J. Newman |
| vs. | : : | |
| NATIONAL LABOR<br>RELATIONS BOARD, *et al.*, | : : : | |
| Defendants. | : : | |

### DECISION AND ENTRY: (1) ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE (Doc. 30); (2) OVERRULING PLAINTIFF'S OBJECTION (Doc. 31); (3) GRANTING DEFENDANTS' MOTIONS TO DISMISS (Docs. 16, 26); (4) DISMISSING PLAINTIFF'S COMPLAINT (Doc. 3); AND (5) TERMINATING THIS CASE

This case is before the Court on the Report and Recommendation of United States Magistrate Judge Michael J. Newman. (Doc. 30). The Magistrate Judge recommends that the Motions to Dismiss filed by Defendants Mancor Industries ("Mancor") and the National Labor Relations Board ("NLRB") (Docs. 16, 26) be granted and that Plaintiff's Complaint (Doc. 3) be dismissed on the basis that the Court lacks subject matter jurisdiction. Plaintiff filed an Objection (Doc. 31) to the Report and Recommendation of the Magistrate Judge. (Doc. 7). Plaintiff's Objection fails to object to the Magistrate Judge's specific conclusion that the Court lacks subject matter jurisdiction. Defendant Mancor filed a Response to Plaintiff's Objection. (Doc. 32). The matter is now ripe for decision by the Court.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), upon reviewing Plaintiff's filings and the comprehensive findings of the Magistrate Judge *de novo*, the Court: (1) **ADOPTS** the Report and Recommendation of the Magistrate Judge in its entirety (Doc. 30); (2) **OVERRULES** Plaintiff's Objection (Doc. 32); (3) **GRANTS** Defendants' Motions to Dismiss (Docs. 16, 26); (4) **DISMISSES** Plaintiff's Complaint in its entirety;[1] and (4) **TERMINATES** this case on the Court's docket.

**IT IS SO ORDERED.**

Date: 3/26/2014

Timothy S. Black
United States District Judge

---

[1] The Court notes that Defendant I Force did not move to dismiss the Complaint. Nevertheless, "Federal Rule of Civil Procedure 12(h)(3) permits *sua sponte* dismissals of suits over which the district court does not possess subject matter jurisdiction." *Abner v. Focus: Hope*, 93 F. App'x 792, 793 (6th Cir. 2004) (citing Fed. R. Civ. P. 12(h)(3); *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)). Plaintiff had the opportunity to object to the Magistrate Judge's recommendation to dismiss claims against I Force for lack of subject matter jurisdiction by filing objections to the Report and Recommendation. While Plaintiff filed an Objection, he failed to offer any specific objection to the Magistrate Judge's conclusion that the Court lacks subject matter jurisdiction in this case. Accordingly, any objection to the Magistrate Judge's ultimate conclusion is now waived.